FILED
SEP 11 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Bruce R Travis<br>214 Heleuma PL<br>Kihie HI 96753<br>PO Box 311<br>Kihei, Hawaii 96753<br><br>vs,<br><br>UNITED STATES | CASE NO.<br><br>(PLAINTIFF(S) DEMAND A TRIAL BY JURY OF ALL ISSUES SO TRIABLE)<br>CASE NUMBER  1:06CV01584<br><br>JUDGE: Royce C. Lamberth<br><br>DECK TYPE: Pro se General Civil<br><br>DATE STAMP: 09/11/2006 |

**JURY ACTION**

COMPLAINT FOR DAMAGES UNDER 26 U.S.C. SECTION 7431

Bruce R Travis, plaintiff(s) herein, complain(s) of defendants and seek(s) statutory and/or actual and punitive damages as follows:

I

**INTRODUCTION**

1.  This is an action brought pursuant to Title 26, Section 7431 of the Internal Revenue Code for the recovery of statutory and/or actual and punitive damages caused by the intentional and/or negligent unlawful disclosure of confidential return information by S. Matteson #32-02-3517 and other unknown agents (herein agent(s)) of the Internal Revenue Service.

2.  This Court has jurisdiction for this action under Title 26, Section 7431(a)(1) of the Internal Revenue Code. Venue is proper in this Court under 28 U.S.C. §1391(e).

## II

## FACTS

3. Bruce R Travis is/are (an) individual(s) who at all times material hereto resided at 214 Heleuma PL, Kihie HI 96753, PO Box 311, Kihei, Hawaii 96753.

4. Plaintiff(s)is/are the subject of ongoing unauthorized collection action being conducted by the aforementioned agent(s) of the Internal Revenue Service.

5. In the absence of an assessment and in the absence of a lien arising therefrom on or about September 3, 2003, the aforementioned agent(s) caused to be recorded with the Bureau of Conveyances, Registrar, Honolulu, Hawaii (a) Notice(s) of Tax Liens(a sample is affixed hereto. Identifying information has been excised).

6. Each Notice of Tax Lien wrongfully discloses, through the public record, tax return information, such as name, address, city, state, social security number, amount of assessment, etc.

7. The wrongful disclosure of plaintiffs' return information has caused plaintiff(s) substantial mental and emotional distress.

8. The wrongful disclosure of plaintiffs' return information has subjected plaintiff(s) to the real possibility of identity theft.

9. It was not necessary for the aforementioned agent(s) to place on the aforementioned Notice(s) of tax lien(s) tax return information which subjects plaintiff(s) to the

        possibility of identity theft.

10. Agent(s) disclosure was not in good faith or there existed no good faith in disclosure of the information.

11.. A reasonable Internal Revenue Agent can be expected to know the statutory provisions governing disclosure, as interpreted and reflected in the IRS regulations and manuals. An agents's contrary interpretation is not in good faith.

12. Agent did not follow the dictates of section 6103 or the applicable IRS manual provisions prior to recording the aforementioned liens.

13. On information and belief, the agent(s) involved in this case has/have (all) received extensive "disclosure" training which is designed to preserve the integrity of the confidentiality provisions of the federal tax laws which are codifications and extensions of the basic Forth Amendment right to privacy.

### III

### LEGAL AUTHORITY

14. Section 7431 of the internal revenue code provides taxpayers with a cause of action for statutory and/or actual and punitive damages against the United States in the event an officer of employee thereof makes any unlawful disclosure of "return information" in violation of Section 6103 of the Internal Revenue Code.

15. "Return Information" is required by Section 6103 to remain confidential and not be disclosed except as provided in Section 6103. There is no provision in Section 6103

providing for the disclosure of the return information contained in the aforementioned lien(s) "Return Information" is broadly defined in Section 6103(b)(2) as follows:

> a taxpayer's identity, the nature, source. or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessment, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition or offense ...

16. The disclosure(s) described above is/are (an) intentional, negligent, and/or glossily negligent disclosure(s) of "return information" in violation of Section 6103 and for which plaintiff(s) is/are entitled to statutory and/or actual and punitive damages under Section 7431.

## IV

## DAMAGES

17. The reprehensible and vexatious conduct of and the illegal disclosures made by the aforementioned agent(s) and the other agents involved herein has/have caused plaintiff(s) substantial personal embarrassment, loss of good will, loss in credit, the extent of which at this time cannot be completely and accurately ascertained but which will be more fully known after the completion of discovery.

18. The intentionally and/or grossly negligent unlawful disclosures by the aforementioned agent(s) and the other agents involved herein entitles plaintiff(s) to punitive damages

the extent of which at this time cannot be accurately ascertained by which will be more fully known after the completion of discovery.

19. Based on the aforementioned unlawful disclosures plaintiff(s) contend that they are entitled to the costs of the action pursuant to Section 7431(c)(2) and (3).

**WHEREFORE**, plaintiff(s) request(s) after trial of this case that judgement be entered in his/her/their favor against the United States for actual and punitive damages, the costs of this action, expungement of the aforementioned liens and such other and further relief to which plaintiff(s) is/are entitled.

Dated SEPTEMBER 7, 2006

_____
Bruce R Travis

### Acknowledgment

On the above inscribed date before the undersigned, a Notary Public for the State of Hawaii, personally appeared, Bruce R Travis, known to me to be the person(s) whose name(s) are subscribed to the within instrument, and acknowledged to me that he/she/they executed the same as his/her/their free act and deed.

_____
Notary, State of Hawaii

RHODA P. LOMAOANG
Expiration Date: April 3, 2009

07-26-2006  12:25pm  From-AMERICORP INTERNATIONAL LTD  +8088784400  T-175  P.002  F-371

| | 7919 | Department of the Treasury - Internal Revenue Service | |
|---|---|---|---|
| Form 668 (Y)(c) Rev. October 2000 | | **Notice of Federal Tax Lien** | |
| Area: SMALL BUSINESS/SELF EMPLOYED AREA #12 Lien Unit Phone: (206) 220-6596 | | Serial Number 132586403 | For Optional Use by Recording Office |

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

Name of Taxpayer: BRUCE R TRAVIS

Residence: 214 HEKEUMA PL
KIHEI, HI 96753

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/1996 | 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 | 06/11/2003 | 09/10/2013 | 51997.00 |
| 1040 | 12/31/1997 | 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 | 06/16/2003 | 07/16/2013 | 91223.26 |
| 1040 | 12/31/1998 | 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 | 04/28/2003 | 05/28/2013 | 71660.93 |
| 1040 | 12/31/1999 | 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 | 04/21/2003 | 05/21/2013 | 23441.00 |
| 1040 | 12/31/2000 | 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 | 04/14/2003 | 05/14/2013 | 9627.66 |

Place of Filing: BUREAU OF CONVEYANCES
REGISTRAR
HONOLULU, HI 96803

Total $ 247949.85

This notice was prepared and signed at SEATTLE, WA, on this, the 03rd day of September, 2003.

Signature: for S. MATTISON    Title: REVENUE OFFICER  (809) 242-4495  32-02-3517

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax Lien Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 1 - Kept By Recording Office    Form 668(Y)(c) (Rev. 10-00) CAT. NO 60025X

System: Honolulu,HI Regular System-Year_DocID 2003_197052 Page: 2 of 2

# Attachment #1