IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BRUCE R. TRAVIS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 1:06-cv-01584-RCL |
| | ) | |
| UNITED STATES | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM IN SUPPORT OF THE UNITED STATES'
MOTION TO DISMISS

This is a suit brought under 26 U.S.C. § 7431 for the recovery of damages allegedly caused by the disclosure of confidential return information by the Internal Revenue Service (the "Service"). Plaintiff's complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

QUESTIONS PRESENTED

Section 7433(a) provides, with one exception not pertinent here, that it "shall be the exclusive remedy for recovering damages" for unauthorized or improper collection actions. 26 U.S.C. § 7433(a). Plaintiff's unauthorized disclosure claim relates to a notice of federal tax lien filed by the Service. Can Plaintiff recover under 26 U.S.C. § 7431 when his claim is based on a collection action?

Section 7433(d)(1) requires the plaintiff to have "exhausted the administrative remedies available to such plaintiff" before a judgment for damages may be awarded.

26 U.S.C. § 7433(d)(1).  Plaintiff has failed to meet his burden with respect to this requirement.  Because the exhaustion of administrative remedies is a prerequisite to this type of claim, should Plaintiff's claim be dismissed?

Section 6103 prohibits disclosures of "return information," except as permitted by the Internal Revenue Code.  26 U.S.C. § 6103.  Pursuant to exceptions provided in section 6103, the Service is authorized to disclose return information in order to carry out the provisions of the Code relating to establishment of liens.  26 U.S.C. § 6103(k)(6).  Did the Service violate section 6103 in filing a notice of federal tax lien?

STATEMENT OF FACTS

1. Introduction

On or about September 11, 2006, Plaintiff, acting *pro se*, filed a complaint in the above captioned matter.  Plaintiff seeks to recover damages for the disclosure of return information by Service agents, both named and unnamed in the complaint.  (Compl. ¶ 1.)

2. The present action for "wrongful disclosure" under section 7431

Plaintiff argues that he is the subject of ongoing, unauthorized collection action by the Service, and that on or about September 3, 2003, Service agents caused a notice of federal tax lien to be recorded with the Bureau of Conveyances of Honolulu, Hawaii. (Id. ¶¶ 4, 5.)  Plaintiff alleges that the notice of federal tax lien wrongfully discloses tax return information, and that such disclosures have caused Plaintiff substantial mental

and emotional distress and have subjected him to the possibility of identity theft.  (Id.
¶¶ 6, 7, 8.)

Plaintiff bases his cause of action in 26 U.S.C. § 7431, which he maintains

provides taxpayers with a cause of action for statutory and/or actual and punitive

damages against the United States in the event that a Service agent makes any unlawful

disclosure of return information in violation of 26 U.S.C. § 6103.  (Id. ¶ 14.)

Attached to Plaintiff's complaint is a notice of federal tax lien, prepared and

signed on September 3, 2003, and filed with the Bureau of Conveyances of Honolulu,

Hawaii.  (Id. ¶ 5, Attachment.)  The notice of federal tax lien indicates that Plaintiff has

at least $247,950 in unpaid tax liabilities for the years 1996-2000.  (Id.)  The notice of

federal tax lien identifies Plaintiff by name, address, and identifying number.  (Id.)

3.  The present and prior actions for "wrongful collection" under section 7433

Plaintiff has also filed three separate complaints against the United States under

the authority of 26 U.S.C. § 7433.[1]  Plaintiff's section 7433 complaints allege a variety of

forms of misconduct by the Service and challenge the collection activity and validity of

the assessment.  Travis v. United States, No. 05-01867 (D.D.C. filed Sept. 21, 2005);

Travis v. United States, No. 06-00348 (D.D.C. filed Feb. 24, 2006); Travis v. United States,

---

[1]The United States asks that the Court take judicial notice of the information
contained in these complaints.  Travis v. United States, No. 05-01867 (D.D.C. filed Sept.
21, 2005); Travis v. United States, No. 06-00348 (D.D.C. filed Feb. 24, 2006); Travis v.
United States, No. 06-01656 (D.D.C. filed Sept. 25, 2006).  Upon request, a court will take
judicial notice of its own files.  Fed. R. Evid. 201(d); Hinton v. Stein, 278 F. Supp. 2d 27,
29 (D.D.C. 2003).

No. 06-01656 (D.D.C. filed Sept. 25, 2006).  Plaintiff's section 7433 complaints also allege

wrongful disclosure of return information, and seek damages.  Id.  In two of Plaintiff's

section 7433 complaints he acknowledges that 26 U.S.C. § 7433 is his exclusive remedy.

Plaintiff's Complaint ¶ 23, Travis v. United States, No. 05-01867 (D.D.C. filed Sept. 21,

2005); Plaintiff's Complaint ¶ 25, Travis v. United States, No. 06-00348, (D.D.C. filed

Feb. 24, 2006).

In the first case filed by Plaintiff on September 21, 2005, the Court granted the

United States' motion to dismiss because Plaintiff failed to respond to the motion

despite an order from the Court directing him to do so.  (Docket Entries # 6, 7.)  In the

subsequent case filed by Plaintiff on February 24, 2006, the Court again granted the

United States' motion to dismiss after Plaintiff failed to heed the Court's order to

respond for a second time.  (Docket Entries # 7, 8.)  The third case filed by Plaintiff on

September 25, 2006 is still pending.

ARGUMENT

### I. Standard of Review

When determining a motion to dismiss for failure to state a claim upon which

relief can be granted under Fed. R. Civ. P. 12(b)(6), the court must view all of the

allegations and facts in the complaint in a light most favorable to the plaintiff, and must

grant the plaintiff the benefit of all inferences that can be derived from those facts.  See

Barr v. Clinton, 370 F.3d 1196, 1199 (D.C. Cir. 2004).  The court need not accept

inferences or conclusory allegations that are unsupported by facts set forth in the

- 4 -

complaint.  See Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir.

1994).

When determining a motion to dismiss for lack of subject matter jurisdiction

under Fed. R. Civ. P. 12(b)(1), the court must give the plaintiff's factual allegations

closer scrutiny than would be required for a rule 12(b)(6) motion because the plaintiff

has the burden of proof to establish jurisdiction.  See, e.g., Macharia v. United States,

334 F.3d 61, 64, 69 (D.C. Cir. 2003); Grand Lodge of Fraternal Order of Police v.

Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001).  This scrutiny permits the court to

consider material outside of the pleadings in its effort to determine whether it has

jurisdiction.  See, e.g., Cronauer v. United States, No. 04-1355, 2006 WL 2708682, at *2

(D.D.C. Sept. 20, 2006) citing EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 625

n.3 (D.C. Cir. 1997); Herbert v. Nat'l Acad. of Scis., 974 F.2d 192, 197 (D.C. Cir. 1992).

## II.  Section 7433 Is Plaintiff's Exclusive Remedy

Plaintiff's section 7431 claim must be dismissed pursuant to Fed. R. Civ. P.

12(b)(1) because section 7433 of the Internal Revenue Code provides the exclusive

remedy for allegedly unauthorized or improper collection actions, and this Court

therefore lacks subject matter jurisdiction over this claim.  In fact, Plaintiff

acknowledged this in two of his section 7433 complaints.  (No. 05-01867, Compl. ¶ 23,

No. 06-00348, Compl. ¶ 25.)  Disclosures of return information allegedly made in the

course of collection actions are subsumed within this exclusive remedy.

Section 7433(a) provides:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.  Except as provided in Section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

26 U.S.C. § 7433(a) (emphasis added).  By its own terms, the statute is the "exclusive remedy" for the violation of "any provision of this title" that occurs in the course of federal tax collection.  Id.  Congress provided only one exception to section 7433's exclusivity, and that is section 7432.  Id.

Section 7431 was added to the Internal Revenue Code six years before section 7433, and Congress must necessarily have been aware of section 7431 when it enacted section 7433.  Cf. Miles v. Apex Marine Corp., 498 U.S. 19, 32 (1990) ("We assume that Congress is aware of existing law when it passes legislation.").  Had Congress intended section 7431 to be an alternative or supplemental remedy to an action within the purview of section 7433, Congress would have included section 7431 as an exception along with section 7432.  Cf. Connecticut Nat'l Bank v. Germain, 503 U.S. 249, 253-54 (1992) ("We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there.").

The legislative history of section 7433 further supports the conclusion that Congress intended the statute to be the exclusive avenue of redress for all unauthorized collection actions.  The legislative history provides that "an action brought under this

provision [section 7433] shall be the exclusive remedy for recovering damages resulting

from reckless or intentional disregard of a provision of the Internal Revenue Code, or a

regulation promulgated thereunder, by an IRS employee engaged in the collection of

any Federal tax."  H.R. Conf. Rep. No. 100-1104, at 228-29, reprinted in 1988

U.S.C.C.A.N. 4515, 5288-89.

Judicial precedent also supports the exclusivity of section 7433.  In Shwarz v.

United States, the Ninth Circuit held that section 7433 is the exclusive remedy for

alleged unauthorized disclosures of tax return information that occur in the course of

collection activity, and barred a claim under section 7431 in such a case.  Shwarz v.

United States, 234 F.2d 428 (9th Cir. 2000).  In Shwarz, the plaintiffs claimed that Service

employees made unauthorized disclosures when a revenue officer filed an allegedly

false declaration in support of an application to enter plaintiffs' place of business to

effect a levy and when revenue officers posted seizure notices at plaintiffs' place of

business.  Id.  Because the alleged unauthorized disclosures occurred in connection with

tax collection activities, the court ruled that the suit had to proceed under section 7433

and not section 7431.  Id.  See also Elias v. United States, No. 90-0432, 1990 WL 264722,

at *9 n.7 (C.D. Cal. Dec. 21, 1990) (noting that due to the then-recent enactment of

section 7433, Congress did not intend for section 7431 suits to be maintained in

situations arising from tax collection activities), aff'd mem., 974 F.2d 1341 (9th Cir.

1992).  This court recently affirmed the holding in Shwarz and the exclusivity of section

7433.  <u>Ross v. United States</u>, No. 06-0963, 2006 WL 3250831, mem. op. at 15 (D.D.C. Nov. 10, 2006).

In sum, section 7433 is the exclusive remedy for disclosures allegedly made during tax collection activities, a fact which Plaintiff has acknowledged.  Plaintiff's Complaint ¶ 23, <u>Travis v. United States</u>, No. 05-01867 (D.D.C. filed Sept. 21, 2005); Plaintiff's Complaint ¶ 25, <u>Travis v. United States</u>, No. 06-00348, (D.D.C. filed Feb. 24, 2006).  Plaintiff's unauthorized disclosure claim relates to a notice of federal tax lien filed with the Bureau of Conveyances.  Accordingly, Plaintiff's unauthorized disclosure claim relates to the Service's collection activities.  <u>See</u> <u>Opdahl v. United States</u>, No. 98-0262, 2001 U.S. Dist. LEXIS 14098 (D.D.C. Aug. 16, 2001) (stating that the filing of notices of liens is a collection activity).

Because section 7433 is the exclusive remedy for unauthorized collection activities, this Court lacks subject matter jurisdiction and the claim should be dismissed under Fed. R. Civ. P. 12(b)(1).  To hold otherwise would enable a taxpayer, whose return information was disclosed as part of collection activity, to recover damages under both sections 7431 and 7433, or to elect the more favorable scheme of relief, depending on the alleged violation.  Congress did not intend to allow a taxpayer to receive double recovery for the same conduct, or to shop for the more favorable remedial scheme.

### III. Plaintiff's Claim Is Barred Because the Predicates of Section 7433 Have Not Been Met

Assuming arguendo that Plaintiff had properly brought his suit pursuant to

section 7433, the Court should nonetheless dismiss Plaintiff's complaint because the

predicates of section 7433 have not been met.

It is well settled that the United States is immune from suit, unless its sovereign

immunity has been waived. Kentucky v. Graham, 473 U.S. 159, 165-67 (1985); Lehman

v. Nakshian, 453 U.S. 156, 160 (1981); United States v. Testan, 424 U.S. 392, 399 (1976);

United States v. Shaw, 309 U.S. 495, 500-01 (1940). It is also fundamental that where the

sovereign has waived immunity, no suit can be maintained unless it is in exact

compliance with the terms of the statute under which the sovereign has consented to be

sued. United States v. Nordic Village, Inc., 503 U.S. 30 (1992); United States v. King, 395

U.S. 1, 4, 89 (1969); United States v. Sherwood, 312 U.S. 584, 596 (1947).

Under section 7433(d)(1), prior to bringing suit in federal district court for

damages, taxpayers must exhaust their administrative remedies. 26 U.S.C. § 7433(d)(1).

"A judgment for damages shall not be awarded under [section 7433] subsection (b)

unless the court determines that the plaintiff has exhausted the administrative remedies

available to such plaintiff within the Internal Revenue Service." Id.

The Secretary of the Treasury of the United States has promulgated regulations

governing the administrative claim for damages under section 7433. 26 C.F.R. §

301.7433-1(e). The regulations provide that --

> An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages...shall be sent in writing to the Area Director, Attn; Compliance Technical Support Manager of the area in which the taxpayer currently resides.

Id. The taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives, and such claim must include the following: (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonable foreseeable; and (4) the signature of the taxpayer. 26 C.F.R. § 301.7433-1(e)(1) and (2). Failure to comply with this regulation deprives a court of jurisdiction. See Venen v. United States, 38 F.3d 100, 103 (3d Cir. 1994); Conforte v. United States, 979 F.2d 1375 (9th Cir. 1992); Glass v. United States, 424 F. Supp. 2d 224, 227 (D.D.C. 2006); McGuirl v. United States, 360 F. Supp. 2d 125 (D.D.C. 2004).

"In a § 7433 action, the plaintiffs bear 'the burden of demonstrating an explicit waiver of the government's sovereign immunity from suit.'" Holt v. Davidson, 441 F. Supp. 2d 92, 96 (D.D.C. 2006) (citing People of Cal. ex. rel. Ervin v. Dist. Dir., 170 F. Supp. 2d 1040, 1048 (E.D. Cal. 2001)). In the instant matter, Plaintiff makes no assertions concerning his pursuit of administrative remedies, therefore Plaintiff has not met his burden in proving exhaustion of administrative remedies.[2] As a result, Plaintiff has not adequately met his burden in alleging that the United States has unequivocally waived

---

[2]In his complaints filed under section 7433, Plaintiff claims that he has exhausted all administrative remedies but offers no proof that he has complied with the regulations. No. 06-01656, Compl. at 5; No. 06-00348, Compl. ¶ 9; No. 05-01867, Compl. ¶¶ 6, 29.

its sovereign immunity, therefore this Court does not have jurisdiction over this claim

and should dismiss the complaint.[3]

### IV.  Plaintiff Fails to State a Claim Because There Was No Unlawful Disclosure

Even if this case were properly before the Court under 26 U.S.C. §§ 7431 or 7433,

Plaintiff has not alleged a claim in violation of 26 U.S.C. § 6103, and therefore the matter

should be dismissed under Fed. R. Civ. P. 12(b)(6).

Section 7431 provides civil damages when there is a negligent or willful violation

of section 6103 other than in the collection process.  26 U.S.C. § 7431.  Section 7433

protects taxpayers from negligent or intentional violations of section 6103 in the

collection process.  26 U.S.C. § 7433.  Section 6103(a) is a general taxpayer privacy-

protection statute, and states the general rule that return information shall be

confidential, and that, except as authorized, such information shall not be disclosed.

Church of Scientology of California v. Internal Revenue Service, 484 U.S. 9, 10 (1987).

---

[3]There is conflicting case law in the Court concerning whether the failure to exhaust administrative remedies under section 7433 should be analyzed as a jurisdictional issue or as a failure to state a claim under Fed. R. Civ. P. 12(b)(6). Compare Turner v. United States, 429 F. Supp. 2d 149, 154 (D.D.C. 2006) with Glass v. United States, 424, F. Supp. 2d 224, 227 (D.D.C. 2006).  It is the position of the United States that as a term of consent to the waiver of sovereign immunity, the requirement of administrative exhaustion under section 7433 is by definition a part of the court's jurisdiction to entertain the suit.  However, because the instant matter was brought pursuant to section 7431 rather than section 7433 and the basis of dismissal for failure to exhaust administrative remedies under section 7433 is only an ancillary issue, the United States respectfully moves to dismiss the action pursuant to 12(b)(1), or in the alternative, 12(b)(6).

The Internal Revenue Code contains a number of detailed exceptions to this general rule

of non-disclosure.  Specifically, section 6103(k)(6) provides:

> An internal revenue officer or employee may, in connection with his official
> duties relating to any...collection activity...disclose return information to the
> extent that such disclosure is necessary in obtaining information, which is not
> otherwise reasonably available...with respect to the enforcement of any other
> provisions of this title.  Such disclosures shall be made only in such situations
> and under such conditions as the Secretary may prescribe in regulation.

26 U.S.C. § 6103(k)(6).

The Secretary of the Treasury has promulgated regulations enumerating the

specific circumstances under which disclosures may be made pursuant to section

6103(k)(6).  Because section 6103(k)(6) directs the Secretary of the Treasury to

promulgate regulations controlling the situations and conditions under which

disclosure is permitted, the resulting regulations are so-called "legislative regulations,"

and are entitled to special deference from the courts.  See, e.g., Chrysler Corp. v. Brown,

441 U.S. 281, 301-03 (1979).  Regulation 301.6103(k)(6)-1(b) states:

> In connection with the performance of official duties relating to any...collection
> activity...an officer or employee of the Service...is authorized to disclose return
> information...in order to obtain necessary information relating to the following-
> (6) [T]o locate assets in which the taxpayers has an interest...[and] to apply the
> provisions of the Code relating to establishment of liens against such assets.

26 C.F.R. § 301.6103(k)(6)-1(b) (2000).

Section 6103(k)(6) and the accompanying regulations "plainly indicate that

disclosure of return information necessary to accomplish collection activities, including

the...filing of notices of federal tax liens, is exempt from the general disclosure

prohibition of Section 6103(a)." Elias v. United States, No. 90-0432, 1990 WL 264722, at

*5 (C.D. Cal. Dec. 21, 1990).  See also, Long v. United States, 972 F.2d 1174, 1180 (10th

Cir. 1993) ("6103(k)(6) authorizes an IRS employee to disclose tax return information in

the issuance of liens."); Mann v. United States, 204 F.3d 1012, 1018 (10th Cir. 2000)

("6103(k)(6) and the relevant regulations do permit disclosure of tax return information

when made in notices of lien.").

Although section 6103(k)(6) and the regulations paint broad strokes of authority,

they do not allow for unbridled disclosure.  Regulation 301.6103(k)(6)-1(b) provides:

> Disclosure of return information to a person other than the taxpayer to whom
> such return information relates...for the purpose of otherwise accomplishing any
> activity described in subparagraph (6) of this paragraph should be made,
> however, only if...the activities described in subparagraph (6) of this paragraph
> cannot otherwise properly be accomplished without making such disclosure.

26 C.F.R. § 301.61039k)(6)-1(b) (2000).  Given that section 6323 of the Internal Revenue

Code provides that a tax lien must be recorded by the Service in order to be effective

against other liens, 26 U.S.C. § 6323, it follows that the filing of federal tax liens is

necessarily authorized under the Internal Revenue Code.  Congress would not have

made an action simultaneously mandated under one section and prohibited under

another.  And under section 6103, when disclosure is authorized under the Internal

Revenue Code, there is no violation of that section.

In the instant case, it cannot be disputed that the notice of federal tax lien was

filed in connection with the official duties of the Service in attempting to collect the

Plaintiff's tax liabilities.  Had the information not have been disclosed, creditors of the

Plaintiff would have no way to discover the existence of the lien. "Indeed, the purpose

of recording the lien...is to place the public on notice of the lien." William E.

Schrambling Accountancy Corp. v. United States, 397 F.2d 1485, 1489 (9th Cir. 1991).

The actions of the Service agents in this case properly fall under the protection of

section 6103(k)(6) and therefore there can be no liability under sections 7431 or 7433.

Plaintiff's complaint asserts that the lien at issue was filed "in the absence of an

assessment and in the absence of a lien arising therefrom." (Compl. ¶ 5.) Sections 7431

and 7433 do not address the legitimacy of the collection process, and "whether a

disclosure is authorized under § 6103 is in no way dependent upon the validity of the

underlying summons, lien or levy." Elias v. United States, No 90-0432, 1990 WL 264722

(C.D. Cal. Dec. 21, 1990). See also Mann v. United States, 204 F.3d 1012, 1020 (10th Cir.

2000) ("We…agree with…the majority of courts which have considered the issue that

there is nothing in § 6103 which requires that the underlying means of disclosure be

valid before the safe harbor of § 6103(k)(6) applies."); Wilkerson v. United States, 67

F.3d 112, 116 (5th Cir. 1995) ("The plain language of the Internal Revenue Code

supports the...contention that the validity of the underlying collection activity is

irrelevant in determining whether a disclosure is wrongful."); Venen v. United States,

38 F.3d 100, 106 (3d Cir. 1994) ("[T]he propriety of the underlying collection action…is

irrelevant to whether disclosure is authorized under section 6103."); Bleavins v. United

States, 807 F. Supp. 487, 489 ("[Section] 7431 does not apply to disputed merits of an

assessment; it only addresses civil damages for disclosure violations of § 6103."), aff'd

998 F.2d 1016 (7th Cir. 1993) (table); Tomlinson v. United States, No. 89-1518, 1991 U.S.

Dist. LEXIS 19466, at *7 (W.D. Wash. Aug. 20, 1991) (adopting the position that the

validity of the underlying lien is irrelevant), aff'd 977 F.2d 591 (9th Cir. 1992); Flippo v.

United States, 670 F. Supp. 638, 643 (W.D.N.C. 1987) ("As a threshold matter the

validity of the underlying lien and levy is wholly irrelevant to the disclosure issue."),

aff'd 849 F.2d 604 (4th Cir. 1988).

At any rate, the Service did in fact make proper assessments against Plaintiff as

evidenced by the notice of federal tax lien. (Compl. ¶ 5, Attachment.)  The assessments

recorded and reflected in the notice of federal tax lien constitute admissible evidence of

the fact of the assessments.  Fed. R. Evid. 803(15).  See also G.M. Leasing Corp. v. United

States, 514 F.2d 935, 941 & n.5 (10th Cir. 1975) (accepting notice of federal tax lien as

acceptable proof of assessment), rev'd on other grounds, 429 U.S. 338 (1997); Amber

Truck Lines v. United States, 805 F. Supp. 32, 34 (D. Utah 1992) (noting that the

certification of an Internal Revenue Service officer of notice and demand on a notice of

federal tax lien makes the presumption that notice was made even more compelling).

Additionally, "assessments for unpaid taxes are normally entitled to a presumption of

correctness so long as they are supported by a minimal factual foundation."  Palmer v.

United States, 116 F.3d 1309, 1312 (9th Cir. 1997) (internal citations omitted).  Therefore,

Plaintiff's claim of invalid assessments is unconvincing, and, in any event, has no

relevance to the question of allegedly unauthorized disclosure under section 6103.

CONCLUSION

Plaintiff's exclusive remedy is found in section 7433, therefore the complaint

should be dismissed.  In the alternative, Plaintiff has not exhausted his administrative

remedies under the Code, therefore the complaint should be dismissed.  In the

alternative, there has been no violation of section 6103, and Plaintiff's claim of an

invalid assessment does not change this result, therefore the complaint should be

dismissed.

DATED: November 14, 2006                        Respectfully submitted,

  /s/ Nicole M. Stoduto
NICOLE M. STODUTO
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044
Telephone: (202) 616-9785
Facsimile: (202) 514-6866
Email: Nicole.M.Stoduto@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney